1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVOOD KHADEMI,                          No.  2:19-cv-437-JAM-EFB P

12                    Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14    J. LANGES,

15                    Defendant.

16

17          Plaintiff was, at the time this section 1983 action was filed, an inmate housed in the Placer

18    County Jail.  ECF No. 1.  He has filed a motion for default judgment (ECF No. 21) and defendant

19    has filed a motion to dismiss (ECF No. 22).  For the reasons stated hereafter, both motions should

20    be denied.

21                              Motion for Default Judgment

22          Plaintiff argues that default judgment should be entered against defendant Langes because

23    he failed to "answer or otherwise defend" against his complaint.  ECF No. 21 at 1.  The motion

24    must be denied.  Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against

25    whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

26    failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Entry of

27    default against a defendant cuts off that defendant's right to appear in the action or to present

28    evidence.  *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).  Here, defendant has appeared in

this action and filed a motion in response to plaintiff's complaint.  As such, entry of default judgment is inappropriate and the motion should be denied.

Motion to Dismiss

Defendant argues that the allegations in plaintiff's complaint, taken as true, fail to state a cognizable excessive force claim.  ECF No. 22.  More specifically, defendant argues that he is entitled to qualified immunity.  *Id.* at 5.  By way of background, plaintiff alleges that:

> [I]n October 2018 and while incarcerated at the Auburn Jail, defendant Langes ordered him to clean the day room area.  After cleaning the area, Langes ordered plaintiff to return to his cell.  However, the door to plaintiff's cell was closed and, as a consequence, he informed Langes that he could not comply.  Langes allegedly became angry and forcefully restrained plaintiff by pressing him to the floor.  Langes allegedly proceeded to place his knee on plaintiff's back and an arm around his neck. Langes pulled on plaintiff's neck which, the latter claims, resulted in "internal injuries."

ECF No. 12 at 3 (Court's screening order).

Legal Standards

I.    Motion to Dismiss

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light

/////

1    most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710

2    F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

3        Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

4    theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co*., 710 F.3d

5    at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

6    claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

7        Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.

8    *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  However, the Court need not accept as

9    true unreasonable inferences or conclusory legal allegations cast in the form of factual

10   allegations.  *See Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining*

11   *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

12       II.    Excessive Force

13       Plaintiff claims that, at the time of the incident, he was a pretrial detainee.  ECF No. 12 at

14   4.  Thus, his excessive force claim arises under the Fourteenth Amendment rather than the Eighth.

15   *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The court evaluates claims of

16   excessive force under the Fourth Amendment's objective reasonableness standard.  *Id.* "'[T]he

17   'reasonableness' inquiry in an excessive force case is an objective one; the question is whether

18   the officers' actions are 'objectively reasonable' in light of the facts and circumstances

19   confronting them, without regard to their underlying intent or motivation.'"  *Id.* (quoting *Graham*

20   *v. Connor*, 490 U.S. 386, 397 (1989)).  "In considering an excessive force claim, [the court]

21   balance[s] 'the nature and quality of the intrusion on the individual's Fourth Amendment interests

22   against the countervailing government interests at stake.'"  *Graham*, 490 U.S. at 396.

23       III.    Qualified Immunity

24       Qualified immunity protects government officials from liability for civil damages where a

25   reasonable official would not have known that his conduct violated a clearly established right.

26   *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  In resolving questions of qualified

27   immunity, "courts engage in a two-pronged inquiry." *Tolan v. Cotton*, 134 S. Ct. 1861, 1865

28   (2014) (per curiam). "The first asks whether the facts, taken in the light most favorable to the

1   party asserting the injury, . . . show the officer's conduct violated a federal right." *Id.* (citation

2   and bracketing omitted). "The second prong . . . asks whether the right in question was clearly

3   established at the time of the violation." *Id.* at 1866 (citation omitted).

4       A right is "clearly established" when "the contours of the right [are] sufficiently clear that

5   a reasonable official would understand that what he is doing violates that right." *Anderson*, 483

6   U.S. at 640.  Clearly established law should not be defined "at a high level of generality"; rather,

7   it "must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017)

8   (per curiam) (citation omitted).  While this standard does not require "a case directly on point,"

9   *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011), courts typically should identify analogous cases,

10  i.e., ones in which prison officials "acting under similar circumstances" violated the Eighth

11  Amendment, *White*, 137 S. Ct. at 552.  To be analogous, however, the case need not be

12  "materially similar."

13      In the Ninth Circuit, to assess whether a right is clearly established, courts first look to

14  "Supreme Court and Ninth Circuit law existing at the time of the alleged act." *Cmty. House, Inc.*

15  *v. City of Boise*, 623 F.3d 945, 967 (9th Cir. 2010) (citation omitted).  Absent binding precedent,

16  courts should consider all relevant decisional law. *Capoeman v. Reed*, 754 F.2d 1512, 1514 (9th

17  Cir. 1985).  Unpublished circuit and district court decisions inform the analysis. *Bahrampour v.*

18  *Lampert*, 356 F.3d 969, 977 (9th Cir. 2004); *Krug v. Lutz*, 329 F.3d 692, 699 (9th Cir. 2003).

19      In the Ninth Circuit, it has long been established that "force is only justified when there is

20  a need for force." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007).  Thus,

21  "officers [may not] use excessive force on an arrestee after he or she has surrendered, or is

22  otherwise helpless, and is under complete control of the officers." *Barnard v. Las Vegas Metro.*

23  *Police Dep't*, 310 F. App'x 990, 992 (9th Cir. 2009) (unpublished memorandum) (citing *LaLonde*

24  *v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000)).

25  <u>Analysis</u>

26      Defendant argues that, taken as true, plaintiff's allegations establish that "[plaintiff] was

27  taken to the ground, handcuffed, and taken to the booking area for less than one hour prior to

28  being taken to the hospital for medical clearance." ECF No. 22 at 7.  He points to a level two

1   response to plaintiff's administrative grievance as evidence that "[p]laintiff disobeyed multiple

2   orders and actively resisted being handcuffed." *Id.* But the account contained in the defendants'

3   grievance response is at odds with the allegations in plaintiff's complaint. Thus, dismissal on that

4   basis is inappropriate. *See, e.g., Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1071 (C.D. Cal. Dec.

5   28, 2007) ("Defendants also contend that the written response to Plaintiff's administrative

6   grievance shows that prison officials complied with *Keyhea* procedures. . . . Those facts are flatly

7   contradicted by Plaintiff's allegation that prison staff failed to follow *Keyhea* procedure. This

8   Court cannot resolve this issue in Defendants' favor unless they can present conclusive evidence

9   that they made a good-faith attempt to follow Keyhea protocol."). In the body of the complaint,

10  plaintiff clearly alleges that defendant asked him to do the impossible – to re-enter his cell while

11  the door was closed. ECF No. 1 at 5. Plaintiff goes on to claim that he was not "acting

12  disruptively" when defendant forced him onto the floor, hand-cuffed him, and forcefully pulled

13  plaintiff's neck three times in a manner that caused him to sustain internal injuries.[1] *Id.* Thus,

14  accepting plaintiff's allegations as true, which must be done on this Rule 12(b)(6) motion, there

15  was no justification defendant's use of force and he is not entitled to qualified immunity at this

16  stage of the proceedings.[2]

Conclusion

18      For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

19      1.  Plaintiff's motion for entry of default (ECF No. 21) be DENIED; and

20  /////

21  /////

---

22      [1] Defendant also alleges that the complaint is "very light on facts." ECF No. 22 at 9. As
23  the court previously found in its screening order, however, the facts are sufficient to state an
    excessive force claim. Plaintiff clearly alleges that defendant made an unreasonable request (to
24  enter a closed cell), that plaintiff did not engage in any disruptive behavior, and that defendant
    used unjustified force in subduing him. And courts do not hold *pro se* litigants to a high pleading
25  standard. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (Allegations of a pro se litigant's
26  complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers.").

27      [2] Obviously this finding does not preclude a future summary judgment motion which,
    supported by material outside the four corners of the complaint, conclusively establishes that
28  defendant used only the force necessary to maintain order.

1      2.  Defendant's motion to dismiss (ECF No. 22) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 21, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6