UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | Case No. 2:19-cv-00437-JAM-JDP |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| J. LANGES, | ECF No. 32 |
| Defendants. | OBJECTIONS DUE IN 14 DAYS |

Plaintiff is a former county prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Defendant is an employee of Placer County's Auburn Main Jail, where plaintiff was previously imprisoned.[1] Before the court is defendant's motion for summary judgment, ECF No. 32. I recommend that the court grant defendant's motion for summary judgment.

I.   PROCEDURAL BACKGROUND

On March 11, 2019, plaintiff filed the instant action against defendant alleging a single claim of excessive force. ECF No. 1. On June 11, 2020, following a screening order finding

---

[1] Plaintiff has filed a notice of change of address indicating that he is no longer incarcerated. ECF No. 37.

1

1  service appropriate, ECF No. 12, defendant answered plaintiff's complaint, ECF No. 28.  The
2  court then issued a discovery and scheduling order allowing the parties to serve discovery
3  requests by September 11, 2020.  ECF No. 29.
4       On September 23, 2020, defendant moved for summary judgment.  ECF No. 32.  Plaintiff
5  has filed an opposition and amended opposition, ECF Nos. 34, 35, and defendant has replied,
6  ECF No. 36.
7       II.     LEGAL STANDARD
8       The "purpose of summary judgment is to pierce the pleadings and to assess the proof in
9  order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co. Ltd. v. Zenith*
10 *Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).  Summary judgment is appropriate
11 when there is "no genuine dispute as to any material fact and the movant is entitled to judgment
12 as a matter of law."  Fed. R. Civ. P. 56(a).
13      Summary judgment should be entered "after adequate time for discovery and upon
14 motion, against a party who fails to make a showing sufficient to establish the existence of an
15 element essential to that party's case, and on which that party will bear the burden of proof at
16 trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the "initial
17 responsibility" of demonstrating the absence of a genuine issue of material fact.  *Id.* at 323.  An
18 issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to
19 find for the non-moving party.  A fact is material if it "might affect the outcome of the suit under
20 the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A party
21 demonstrates that summary judgment is appropriate by "informing the district court of the basis
22 of its motion, and identifying those portions of 'the pleadings, depositions, answers to
23 interrogatories, and admissions on file, together with affidavits, if any,' which it believes
24 demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323 (quoting
25 Fed. R. Civ. P. 56(c)).
26      If the moving party meets its initial burden, the burden shifts to the opposing party to
27 present specific facts that show there to be a genuine issue of a material fact.  *See* Fed R. Civ. P.
28 56(e); *Matsushita*, 475 U.S. at 586.  An opposing party "must do more than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there to be no genuine issue of material fact and showed judgment to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

In a summary judgment motion for failure to exhaust, the defendant has the initial burden to establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendant, however. *Id.*

III.   UNDISPUTED FACTS

At the outset, the court notes that plaintiff has failed to file a separate document disputing defendant's statement of undisputed facts in the manner required by Local Rule 260(b). Pursuant to Federal Rule of Civil Procedure 56(e), if a party fails to address a fact as required, "the court

3

may consider the fact undisputed for purposes of the motion." Nevertheless, it is well-established that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc). The unrepresented prisoners' choice to proceed without counsel "is less than voluntary," and they are subject to the "handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 & n.4 (9th Cir. 1986). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. *Id.*

The court is mindful of the Ninth Circuit's more overarching caution in this context, as noted above, that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and . . . avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules.

The undisputed facts are that on October 10, 2018, plaintiff asked defendant to use a toilet plunger, and was allowed out of his cell to retrieve the plunger. *See* ECF No. 32 ¶ 1, Defendant's Statement of Undisputed Facts ("DSUF"). Plaintiff was warned that he was not allowed to clean the showers in the shared shower area. After retrieving the plunger, however, plaintiff began cleaning the upper tier shower with a spray bottle. *Id.* ¶¶ 2-3. Defendant, utilizing the intercom system, ordered plaintiff to cease cleaning the shower and to return to his cell. Plaintiff disregarded defendant's order. *Id.* ¶¶ 4-5.

Defendant then informed plaintiff in person that he needed to return to his cell, but plaintiff continued to disregard defendant's orders.[2] *Id.* ¶¶ 6-7. After defendant's order, plaintiff

---

[2] Plaintiff appears to dispute this, stating that defendant "had closed the cell . . . door and didn't ask me if I needed to go back to my cell instead told me that I need to be in day room . . . ." ECF No. 35 ¶ 2. It is not evident to the court whether plaintiff is disputing every instance of defendant requesting that plaintiff return to his cell. Plaintiff has not disputed that he was told to

1   walked down the stairs and began cleaning areas around the lower tier dayroom. *Id.* ¶ 8. Plaintiff
2   continued to ignore defendant's orders to stop cleaning and return to his cell, so defendant told
3   plaintiff that if he did not return, he would be escorted to booking for not following rules. *Id.*
4   ¶¶ 9-11. Plaintiff did not comply, and defendant ordered plaintiff to turn and face the wall so that
5   defendant could place plaintiff in handcuffs. *Id.* ¶ 13. Plaintiff again did not comply and
6   physically resisted defendant's attempts to place plaintiff's hands in handcuffs. *Id.* ¶ 14.
7   Defendant then directed plaintiff to the floor. *Id.* ¶ 15. Plaintiff continued resisting defendant
8   physically; he was eventually restrained by multiple officers. *Id.* ¶¶ 15-16.

9       IV.    D<small>ISCUSSION</small>[3]

10       A. Discovery Admissions

11   Defendant argues that because plaintiff failed to respond to his discovery requests, the
12   requested admissions must be deemed admitted pursuant to the federal rules. Defendant states
13   that on August 5, 2020, defendant served plaintiff with requests for admission and special
14   interrogatories. ECF No. 32-4 at 5-10, 12-16. Plaintiff opposes the motion for summary
15   judgment, arguing that he never received the discovery from defendant, which the court construes
16   as a request to withdraw these admissions. ECF No. 35 ¶ 1.

17   As an initial matter, pursuant to Federal Rules of Civil Procedure ("FRCP") 5(b)(2)(C),
18   service is deemed complete upon the mailing to a last known address. Notably, plaintiff opposed
19   the motion for summary judgment, demonstrating that he received mail at his prior address of
20   record. The court finds that pursuant to the federal rules, plaintiff was properly served with the
21   discovery.

22   The parties dispute whether the court should deem the properly served requests admitted.
23   Pursuant to FRCP 36(a)(3), a matter is deemed admitted unless, within 30 days of being served
24   with discovery, the party to whom the request is directed serves a written answer or objection.

---

stop cleaning the shower and has not disputed that he failed to listen to defendant's directions. Plaintiff has not provided any evidence regarding what plaintiff disputes.

[3] Because the court makes its findings and recommendations on the merits of defendant's arguments, it declines to issue finding and recommendations as to defendant's argument that he is entitled to qualified immunity.

5

ECF No. 32-2 at 1-2. The Court of Appeals, however, has recognized the authority of the district court to permit late responses to requests for admissions. *See French v. United States*, 416 F.2d 1149 (9th Cir. 1968)). Rule 36(b) is permissive, not mandatory, with respect to withdrawal of admissions. "The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). "The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Under the second half of the Rule 36(b) test, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622.

Here, the factors weigh in favor of granting relief to plaintiff. The admissions go directly to the dispositive question of whether defendant used excessive force. Defendant asked plaintiff to admit to matters that contradict allegations explicitly made in his Complaint. Accordingly, the undersigned declines to deem the requested admissions to be admitted. *See* ECF No. 32-4 at 6-9. However, even if these admissions stood, considering plaintiff's pro se status, the undersigned has evaluated defendant's motion for summary judgment in light of the claims found in the complaint and the evidence before the court. Accordingly, plaintiff's argument is insufficient as a basis to challenge the motion in its entirety. As the court finds below, defendant's argument is meritorious as plaintiff has failed to create a genuine dispute of material fact regarding plaintiff's excessive force claims.

B. Use of Force

As a pretrial detainee, plaintiff's excessive force claim arises under the Fourteenth Amendment rather than the Eighth. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). Under the Fourteenth Amendment, a pretrial detainee can show that excessive force was used against him by showing "that the force purposely or knowing used against him was objectively unreasonable." *Kingsley v. Hendrickson*,

6

576 U.S. 389, 397 (2015).  The "objective reasonableness turns on the 'facts and circumstances of each particular case.'"  *Id.* (quoting *Graham*, 490 U.S. at 396).

In considering an excessive force claim, the court balances "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake.'"  *Graham*, 490 U.S. at 396.  The court specifically looks at whether a plaintiff is "actively resisting arrest."  *Id.*  Other factors a court considers are: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline.  *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990).

Here, it is undisputed that defendant ordered plaintiff to return to his cell multiple times, DSUF ¶¶ 2-5, 8, 10-11, and that defendant provided plaintiff with many opportunities to comply with his orders.  *Id.*  It is further undisputed that plaintiff failed to comply with defendant's orders to face the wall and to place his hands behind his back so that he could be handcuffed.  *Id.* ¶¶ 13-14.  Here, plaintiff's "actions created a need for [defendant] to apply reasonable force to control [plaintiff]."  *White*, 901 F.2d at 1507; *see also Turner v. Graff*, 2012 WL 3656492, *4 (N.D. Cal. 2012) ("Even if plaintiff's resistance did not pose a physical threat to the officers, it created a need for them to apply reasonable force to control plaintiff in order to maintain discipline and order."); *Manriquez v. Huchins*, 2011 WL 6293962, *3 (E.D. Cal. 2011) ("An inmate's failure to comply with prison officials would create a need for the use of force to gain compliance and restore order."), *report and recommendation adopted by*, 2012 WL 94475 (E.D. Cal. 2012); *Stevenson v. Harmon*, 2009 WL 667198, *15 n.9 (S.D. Cal. 2009), *affirmed by*, 406 F. App'x 97 (9th Cir. 2010) ("When an inmate refuses to comply with the order of a staff member, a threat may be reasonably perceived by staff.").

Because plaintiff failed to comply with the orders and physically resisted defendant's orders, defendant decided to place plaintiff on the ground, where plaintiff continued to resist defendant.  *Id.* ¶¶ 15-16.  After reviewing the facts and circumstances of this instance and weighing the relevant factors, the court finds that defendant's actions were reasonable.  *See*

*Graham*, 490 U.S. at 396. Plaintiff has neither provided any additional facts nor raised a genuine dispute of material fact, and accordingly I recommend summary judgment in favor of defendant.

V.    FINDINGS AND RECOMMENDATIONS

I recommend that defendant's motion for summary judgment, ECF No. 32, be granted and submit these findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:   January 11, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE